IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

HUMBERTO CARRAZANA,

   Petitioner,

v.     CIVIL ACTION NO.: CV513-138

T. JOHNS, Warden, and
UNITED STATES OF AMERICA,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Humberto Carrazana ("Carrazana"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss. Carrazana failed to file a Response, despite having his request for an extension of time to do so granted. (Doc. Nos. 9, 10). For the reasons which follow, Respondents' Motion should be **GRANTED** and Carrazana's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Carrazana was convicted in the Southern District of Florida, after a jury trial, of conspiring to smuggle aliens from Cuba into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and encouraging and inducing aliens to enter the United States, in violation of 18 U.S.C. § 1324(a)(1)(A)(iv). Carrazana was sentenced to 120 months' imprisonment. (Doc. No. 6, pp. 1–2). Carrazana filed a direct appeal, and the Eleventh

Circuit Court of Appeals affirmed his convictions and sentence. United States v. Gonzalez, 394 F. App'x 570 (11th Cir. 2010).

In this petition, Carrazana asserts that the district court erred in enhancing his sentencing range under the United States Sentencing Guidelines by twelve (12) levels total and by allowing Rule 404(b) evidence to be introduced at trial. These are the same assertions that Carrazana made on appeal. In fact, it appears that Carrazana's § 2241 petition is the same document as his appellate brief.

Respondents assert that Cazzanara does not meet the savings clause of 28 U.S.C. § 2255, as he raised these same issues on direct appeal and was unsuccessful. Thus, Respondents assert that Carrazana's petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). In those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255(e) (emphasis supplied). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (alteration in original) (quoting Wofford, 177 F.3d at 1244 (11th Cir. 1999). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (internal punctuation and citations omitted).

The Eleventh Circuit has "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (alterations in original). However, the holding in Wofford established "two necessary conditions—although it does not go

3

so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Smith, 503 F. App'x at 765 (citation omitted).

Carrazana has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Carrazana cites only to case law which was available to him on direct appeal. (Doc. No. 1, pp. 14–26). In fact, Carrazana brought these same issues on direct appeal and was unsuccessful. In other words, Carrazana has not satisfied the requirements of § 2255's savings clause. Williams, 713 F.3d at 1343. Because Carrazana has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Carrazana cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Carrazana is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of §

AO 72A
(Rev. 8/82)

2255." Wofford, 177 F.3d at 1245. Carrazana is not entitled to relief pursuant to 42 U.S.C. § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Carrazana's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)